UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM LATIFI,<br><br>    Plaintiff,<br><br>    v.<br><br>JIM COOPER, et al.,<br><br>    Defendants. | No. 2: 23-cv-0665 KJN P<br><br><br>ORDER |

Plaintiff is a county prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's amended complaint. (ECF No. 8.)

Named as defendants are Sacramento County Sheriff Cooper, Food Service Supervisor Johnson and Dr. Singh. Plaintiff's amended complaint raises two claims.

At the outset, the undersigned observes that the amended complaint contains no allegations against defendant Cooper. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

////

1

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Defendant Cooper is dismissed because he is not linked to any of the alleged deprivations.

In claim one, plaintiff alleges that he is Muslim.  Plaintiff alleges that as the Food Service Supervisor, defendant Johnson is responsible for the preparation and delivery of all religious meals.  Plaintiff alleges that during Ramadan, he did not receive his meals on time in the morning and that he received inappropriate non-Halal food and substandard food.  These allegations state a potentially colorable claim for relief against defendant Johnson.

In claim two, plaintiff alleges that in July 2021, he began having severe nose bloods.  Since July 2021, plaintiff has been to the hospital three separate times.  During each hospital visit,

plaintiff was told that he needed surgery on his nose. Plaintiff alleges that defendant Singh has denied plaintiff surgery for his nose since December 2022. These allegations state a potentially colorable claim for relief against defendant Singh.

Although claims one and two state potentially colorable claims for relief, the undersigned finds that these claims are improperly joined for the reasons stated herein.

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits"). If unrelated claims are improperly joined, the court may dismiss them without prejudice. Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)). Here, claims one and two are based on different incidents involving different defendants, and therefore are not properly joined in one action.

Where parties have been misjoined, the court may drop a party or sever the claims against that party. Fed. R. Civ. P. 21. "[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'" Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (quoting DirecTV, Inc. v. Leto, 467 F.3d 842, 846-47 (3d Cir. 2006)). Here, because the unrelated claims appear to be based on relatively recent incidents, plaintiff will not be prejudiced by the dismissal of one of these claims from this action. Plaintiff may pursue such claim in a separate action. See also

George, 507 F.3d at 607 ("Unrelated claims against unrelated defendants belong in different suits").

    Accordingly, plaintiff is granted thirty days to file a second amended complaint addressing the pleading defects as to defendant Cooper and raising one of the claims raised in the amended complaint.  In the alternative, within thirty days plaintiff may notify the court as to which of the two claims raised in the amended complaint on which he would like to proceed.  If plaintiff opts to proceed on one of the claims raised in the amended complaint, the undersigned will order service of the defendant named in that claim and recommend dismissal of the other, improperly joined claim.

    Accordingly, IT IS HEREBY ORDERED that plaintiff is granted thirty days to either file a second amended complaint or to notify the court as to which of the two claims raised in the amended complaint on which he would like to proceed.

Dated:  May 22, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE